IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL L. FOGARTY, ET AL., | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:23-CV-2163-S-BK |
| | § | |
| COMMISSIONER, SOCIAL SECURITY | § | |
| ADMINISTRATION, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

I. BACKGROUND

On September 28, 2023, Plaintiffs Michael L. Fogarty, April Gomez, and Victor J. Gomez filed a *Wrongful Death Complaint* against the Social Security Administration (SSA), the City of Mesquite/Fire Department, the Mesquite EMT's, EMT Kris Kyle, and the South Mesquite Regional Hospital. Doc. 3 at 1. Plaintiffs assert wrongful death claims on behalf of Dorothy Eileen Fogarty, who died on October 4, 2021, allegedly due to negligence and denial of life saving care by the Defendants. Doc. 3 at 1, 8. Plaintiffs contend that an "unethical contract" between the City of Mesquite, the South Mesquite Regional Hospital and the EMTs forced EMT Kris Kyle to follow a COVID-19 protocol, which required the placement of a ventilator tube,

rather than providing essential care for cardiac arrest through a portable defibrillator. Doc. 3 at 5-7.

Plaintiffs also assert claims against the SSA for incompetence and contributory negligence. Doc. 3 at 8-11. They allege that on April 5, 2022, Fogerty learned from a SSA employee that Dorothy's appeal from the denial of disability benefits "was left on someone's desk" and "was never sent down to Austin HQ's for processing." Doc. 3 at 8-9. Plaintiffs contend that the incompetence of the SSA directly led to a denial of benefits, which caused Dorothy to suffer and ultimately led to her death. Doc. 3 at 9. By this action, Plaintiffs seek monetary damages of more than three million dollars. Doc. 3 at 11-13.

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.[1]

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-

---

[1] Because jurisdiction is lacking, the Court need not address the deficiencies in Plaintiffs' pleadings and require compliance with the Court's filing requirements. For instance, only Fogarty signed the complaint and moved to proceed *in forma pauperis*. Doc. 3 at 13; Doc. 4. The Court will thus terminate as moot Fogarty's motion by separate order.

pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Plaintiffs' complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Plaintiffs have not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). The complaint in this case contains no factual allegations that support federal question jurisdiction. As noted, the complaint raises primarily state tort claims.

Moreover, to the extent Plaintiffs also attempt to sue the SSA, a United States agency, for wrongful death, the Court likewise lacks jurisdiction. The United States enjoys sovereign immunity from lawsuits sounding in tort, except as provided under Federal Tort Claims Act (FTCA). Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the FTCA. 28 U.S.C. § 2675(a). Additionally, the FTCA bars claimants from bringing suit in federal court unless they filed an administrative claim with the appropriate federal agency and

either obtained a written denial or waited six months.[2]  *See McNeil v. United States*, 508 U.S. 106, 112 (1993); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995).

Further, Plaintiffs' assertion that most Defendants are found in Texas (and presumably citizens of this state) defeats subject-matter jurisdiction on the basis of diversity.  Doc. 3 at 2. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (holding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Finally, because the complaint does not present an adequate basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state-law claims.  28 U.S.C. § 1367(a).

Therefore, this action should be dismissed for lack of subject matter jurisdiction.

## III.   LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case."  *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  The facts as alleged in Plaintiffs' complaint conclusively demonstrate a lack of subject matter jurisdiction in this Court.  Thus, granting leave to amend would be futile and cause needless delay.

---

[2] The Court also notes that Plaintiffs have not named the United States as a defendant in their complaint and sue only the SSA. Under the FTCA, the proper defendant is the United States of America, not the agency or its employees.  *Galvin v. Occup. Safety & Health Admin*., 860 F.2d 181, 183 (5th Cir. 1988); *see also McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) ("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant.").

## IV. CONCLUSION

For all these reasons, Plaintiffs' action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on October 23, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).